United States District Court
Southern District of New York
--------------------------------------------------------x

Whalehaven Capital Fund, Ltd. and
Alpha Capital Anstalt,

                              Plaintiffs,

              v.

Radient Pharmaceuticals Corporation,
and John Does 1-10,

                              Defendants.

--------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-24-11
```

Order

10 Civ. 9490 (RJS)

 

     This matter having come on for a hearing on May 24, 2011, to approve the Settlement

Agreement dated May 9, 2011, as amended by the Amendment To Settlement Agreement dated

May 23, 2011 (the "Settlement Agreement"), between and among Plaintiffs Whalehaven Capital

Fund, Ltd. ("Whalehaven"), Alpha Capital Anstalt ("Alpha Capital") and Defendant Radient

Pharmaceuticals Corporation ("RPC")  and the Court having held a hearing as to the fairness of

the terms and conditions of the Settlement Agreement and being otherwise fully advised in the

premises, the Court hereby finds as follows:

     The Court has been advised that the Parties intend that the issuance of all shares to be

issued and delivered by RPC to Whalehaven and Alpha Capital pursuant to the Settlement

Agreement (the "Settlement Shares") and the resale of the Settlement Shares by Whalehaven and

Alpha Capital, assuming satisfaction of all other applicable securities laws and regulations, will

be exempt from registration under the Securities Act of 1933 (the "Securities Act") in reliance

upon Section 3(a)(10) of the Securities Act based upon this Court's finding herein that the terms

and conditions of the issuance of the Settlement Shares by RPC to Whalehaven and Alpha Capital are fair to Whalehaven and Alpha Capital; and

The hearing was scheduled upon the consent of the Parties, Whalehaven and Alpha Capital have had adequate notice of the hearing and they are the only parties to whom Settlement Shares will be issued pursuant to the Settlement Agreements; and

The terms and conditions of the issuance of the Settlement Shares in exchange for: i) the release of certain claims, and ii) the delivery of certain warrants held by Whalehaven and Alpha Capital as fully set forth in the Settlement Agreement are fair to Whalehaven and Alpha Capital, the only parties to whom the Settlement Shares will be issued; and

The fairness hearing was open to Whalehaven and Alpha Capital. They were represented by counsel at the hearing who acknowledged that adequate notice of the hearing was given and consented to the entry of this Order;

It is, therefore,

Ordered, that the Settlement Agreement is hereby approved; the terms and conditions of the issuance of the Settlement Shares are fair to the parties to whom the Settlement Shares will be issued, within the meaning of Section 3(a)(10) of the Securities Act; and the issuance of the Settlement Shares by RPC or by it transfer agent, Corporate Stock Transfer, Inc., to, and the resale of the Settlement Shares in the United States by, Whalehaven and Alpha Capital, assuming satisfaction of all other applicable securities laws and regulations, will be exempt from registration under the Securities Act; and it is further

2

Ordered, that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

Enter:

_____
U.S.D.J.

5/24/11

Settlement Agreement

Whereas Plaintiffs Whalehaven Capital Fund, Ltd. ("Whalehaven") and Alpha Capital Anstalt ("Alpha Capital," together with Whalehaven, the "Plaintiffs") commenced suit (the "Lawsuit") against Defendants Radient Pharmaceuticals Corporation ("RPC") and John Does 1-10 in the United States District Court for the Southern District of New York, Case No. 10 CV 9490 (RJS); and

Whereas the parties desire to settle the Lawsuit upon the terms and conditions hereafter set forth and issue the securities issuable hereunder as part of such settlement;

Now, therefore, in consideration of the mutual undertakings herein set forth, the parties agree as follows:

1. (a) On the Effective Date (as hereafter defined) RPC shall deliver to Plaintiffs 3.4 million shares of freely trading shares of RPC common stock approved for listing by the NYSE Amex ("Amex"). The shares shall be delivered via DWAC in accordance with the DWAC instructions to be provided by Whalehaven and Alpha Capital. RPC shall deliver 43.4 percent of those shares to Whalehaven and 56.6 percent of those shares to Alpha Capital.

(b) In the event that Amex, pursuant to the request made by RPC by email dated May 5, 2011 or otherwise, indicates that RPC may issue more than the 3.4 million shares referred to in paragraph 1(a) without further shareholder approval, RPC shall issue such number of additional

shares permissible pursuant to such Amex indication (it being understood that RPC shall issue
that number of additional shares equal to or greater than 18.4 million if no additional shareholder
approval is required) that will be freely trading fully paid and non assessable shares, approved
for listing on Amex, to Whalehaven and Alpha Capital in the same percentages as set forth in
paragraph 1(a). RPC shall deliver such shares on the Effective Date if it theretofore receives such
Amex indication, and, if such indication is received after the Effective Date, immediately upon
receipt of such indication.

2.  (a) On the Effective Date, the parties shall determine the volume weighted average
price (the "VWAP"), as reported by Bloomberg, for RPC common stock for the three days at
which RPC stock closed at the lowest closing prices in the prior ten trading days (the "Paragraph
2(a) VWAP"). The parties shall multiply the number of shares delivered on the Effective Date
pursuant to paragraph 1 by the Paragraph 2(a) VWAP and subtract that amount from
$10,912,055 (ten million nine hundred and twelve thousand fifty five dollars). The resulting
number shall be the "Amount Owed." On the Effective Date, RPC shall execute two Promissory
Notes (the "Promissory Notes"), annexed hereto, one in favor of Whalehaven in the principal
amount of 43.4 percent of the Amount Owed and one in favor of Alpha Capital in the principal
amount of 56.6 percent of the Amount Owed. The Promissory Notes shall mature four months
after the Effective Date (the "Maturity Date") and bear interest at the rate of 8% per annum.

(b) In the event RPC is obligated to deliver shares pursuant to paragraph 1(b) after the
Effective Date, such shares shall be valued by the volume weighted average price, as reported by
Bloomberg, for RPC common stock for the three days at which RPC stock closed at the lowest

2

closing prices in the ten trading days prior to delivery of the shares (the "Paragraph 2(b) VWAP"). The value of such shares shall be deducted from the Amount Owed plus interest as of the date such shares are delivered.

(c) Prior to the Maturity Date, RPC may prepay the Promissory Notes, in whole or in part, at any time and from time to time, in its sole discretion in cash or by delivering to Whalehaven and Alpha Capital freely trading shares of RPC common stock which have been approved for listing by Amex, provided, however, that RPC may not deliver collectively to Whalehaven and Alpha Capital, pursuant to this Section 2(c), more than one million dollars worth of shares, valued in accordance with the next sentence, in any four week period commencing with the Effective Date. The shares delivered shall be valued at the VWAP for such shares, as reported by Bloomberg, based upon the lowest three closing prices in the ten trading days prior to the Delivery Notice (as hereafter defined). The value of the shares so delivered shall first be applied to accrued but unpaid interest and thereafter to outstanding principal. To the extent any interest or principal remains outstanding on the Maturity Date, or upon sooner acceleration of the Promissory Notes, Plaintiffs shall be entitled to entry of judgment in that amount. RPC shall notify (the "Delivery Notice") Plaintiffs of RPC's intention to issue shares pursuant to this Paragraph 2(c) one trading day prior to the delivery of such shares.

3. (a) If during the period commencing on the Effective Date and ending sixty (60) trading days after the Maturity Date ("the Trading Period"), the VWAP for RPC shares, as reported by Bloomberg, for any fifteen trading days (consecutive or non-consecutive) in that period (the "Paragraph 3 VWAP") shall be less than either ninety percent of the Paragraph 2(a)

3

VWAP or less than ninety percent of the Paragraph 2(b) VWAP, then RPC, upon request of Whalehaven or Alpha Capital (the "Paragraph 3 Date") at any time during or after the Trading Period, shall deliver, as applicable, additional shares to Whalehaven and Alpha Capital as follows: I) if the Paragraph 3 VWAP is less than ninety percent of the Paragraph 2(a) VWAP, RPC shall multiply the number of shares delivered pursuant to paragraph 1 on the Effective Date times the Paragraph 2(a) VWAP and separately by the Paragraph 3 VWAP and shall calculate the difference between those two resulting numbers; ii) if the paragraph 3 VWAP is less than ninety percent of the paragraph 2(b) VWAP, RPC shall multiply the number of shares delivered pursuant to paragraph 1(b) after the Effective Date times the Paragraph 2(b) VWAP and separately by the Paragraph 3 VWAP and calculate the difference between those two resulting numbers; iii) RPC shall add together the numbers resulting from any calculations pursuant to I) and ii); iv) RPC shall divide the number resulting from any calculation pursuant to iii) by the Paragraph 3 VWAP and deliver that number of additional shares to Whalehaven and Alpha Capital in the same percentages as set forth in paragraph 2(a) (the "Paragraph 3 Shares"). Whalehaven and Alpha Capital each may request delivery of additional shares hereunder only once. Shares delivered pursuant to this paragraph 3(a) shall not be considered payments under the Promissory Notes.

(b) In the event that the net proceeds of Whalehaven's and/or Alpha Capital's sales of the Paragraph 3 Shares exceeds $5,209,415 in the case of Whalehaven or $6,793,845 in the case of Alpha Capital, then Whalehaven and/or Alpha Capital, respectively, shall return shares representing any such additional proceeds to RPC.

4

4. The parties shall apply immediately to the District Court to approve, pursuant to the provisions of Section 3(a)(10) of the Securities Act of 1933, the shares which will or may be issued hereunder so that Plaintiffs may sell such shares upon receipt without registration. The parties agree to cooperate with each other in obtaining such approval.

5. This Settlement Agreement shall become effective upon the approval by the District Court of the share issuances referred to in Paragraphs 1, 2 and 3 pursuant to Section 3(a)(10) (the "Effective Date"). Notwithstanding the foregoing sentence, if this Settlement Agreement does not become effective on or prior to May 23, 2011, then Plaintiffs, at their sole discretion, may from time to time extend the Effective Date or may declare this Settlement Agreement null and void.

6. On the Effective Date, upon delivery of the shares issuable pursuant to Paragraph 1 on the Effective Date and the Promissory Notes issued pursuant to paragraph 2, the parties will execute and file a Stipulation of Discontinuance of the Lawsuit, with prejudice. Plaintiffs and RPC agree, subject to Court approval, to stay the continuance of discovery in the Lawsuit, in order to avoid unnecessary legal expenses pending the effectiveness of this Settlement Agreement. The Court shall retain jurisdiction to enforce the terms of this Settlement Agreement and the Promissory Notes and to determine any claims hereunder or under the Promissory Notes. RPC agrees to submit to the personal jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing this Settlement Agreement and determining any claims hereunder or the Promissory Notes. In the event of any lawsuit hereunder, the prevailing party shall be entitled to recover its reasonable costs and expenses,

5

including reasonable legal fees.

7. Upon signing of this Settlement Agreement, RPC shall pay to Plaintiffs the sum of $75,000 (seventy five thousand dollars).

8. RPC shall disclose the terms of this Settlement Agreement on a Current Report on Form 8-K, or such other form as may be required, within four business days after this Settlement Agreement is fully executed by both Plaintiffs and RPC.

9. Upon receipt of the shares issuable pursuant to Paragraph 1 on the Effective Date and the Promissory Notes pursuant to paragraph 2, Whalehaven and Alpha Capital shall return all of the warrants they each received, to the extent they have not previously been exercised in full, and that are currently outstanding, from RPC pursuant to the Registered Direct Offering that closed in November 2009 and pursuant to the private financings that closed in March and April 2010 (the "Warrants") to RPC and RPC shall thereafter deem such Warrants null and void.

10. From the date hereof, Plaintiffs shall not exercise any Warrants and RPC shall not affect the exercise of any Warrants. It being understood that if the Effective Date does not occur on or prior to May 23, 2011, or such other date as extended by Plaintiffs pursuant to paragraph 5 above, Plaintiffs will be entitled to exercise the Warrants after such date.

Dated: New York, New York

6

Dated: New York, New York
        May 9, 2011

Whalehaven Capital Fund, Ltd.

By  Eric Wissalin  P.o.A.

Alpha Capital Anstalt

By_____

    Radient Pharmaceuticals
Corporation

By_____

So Ordered:

_____
    U.S.D.J.

Dated: New York, New York
     May 9, 2011

                             Whalehaven Capital Fund, Ltd.

                             By_____

                             Alpha Capital Anstalt

                             By_____

                                 Radient Pharmaceuticals
                             Corporation

                             By_____

So Ordered:

_____
     U.S.D.J.

Alpha Capital Anstalt

By_____

Radient Pharmaceuticals Corporation

By _____ , CFo & co.

So Ordered:

_____
U.S.D.J.
5/24/11

7

## Promissory Note

Thus Promissory Note is being delivered in accordance with Section 2 of that certain Settlement Agreement dated May 9, 2011 between Whalehaven Capital Fund, Ltd. ("Whalehaven"), Alpha Capital Anstalt ("Alpha Capital") and Radient Pharmaceuticals Corporation ("RPC") (the "Settlement Agreement"). On or before            (the "Maturity Date"), RPC promises to pay to the order of Alpha Capital the sum of $            with interest at the rate of 8% per annum, if not retired sooner.

Prior to the Maturity Date or the happening of an Event of Default, RPC may prepay this Promissory Note, in whole or in part, at any time and from time to time, in cash or by delivering to Alpha Capital freely trading shares of RPC common stock that are fully paid and non-assessable and which have previously been approved for listing by NYSE Amex, provided that RPC may not deliver to Alpha Capital more than 566,000 dollars worth of shares in any four week period commencing with the date hereof. Any shares delivered shall be valued at the VWAP for such shares, as reported by Bloomberg, based upon the lowest three closing prices in the ten trading days prior to the Notice Date, as such term is defined in the Settlement Agreement. The value of the shares so delivered shall first be applied to accrued but unpaid interest and thereafter to outstanding principal. To the extent any interest or principal on this Promissory Note remains outstanding on the Maturity Date or upon the happening of an Event of Default, whichever is sooner, Alpha Capital shall be entitled to entry of judgment in that amount plus the reasonable costs of collection and reasonable attorneys' fees.

The occurrence of any bankruptcy, insolvency, reorganization or liquidation proceedings, by or against RPC or the failure of RPC to comply with any of its obligations under the Settlement Agreement prior to the Maturity Date shall be deemed an Event of Default hereunder and shall cause all sums of principal and interest then remaining unpaid hereunder immediately due and payable, upon demand, without presentment.

This Promissory Note shall be governed by the laws of the State of New York.
Dated: [Effective Date]

Radient Pharmaceuticals Corporation

By_____

## Promissory Note

Thus Promissory Note is being delivered in accordance with Section 2 of that certain Settlement Agreement dated May 9, 2011 between Whalehaven Capital Fund, Ltd. ("Whalehaven"), Alpha Capital Anstalt ("Alpha Capital") and Radient Pharmaceuticals Corporation ("RPC") (the "Settlement Agreement"). On or before             (the "Maturity Date"), RPC promises to pay to the order of Whalehaven the sum of $             with interest at the rate of 8% per annum, if not retired sooner.

Prior to the Maturity Date or the happening of an Event of Default, RPC may prepay this Promissory Note, in whole or in part, at any time and from time to time, in cash or by delivering to Whalehaven freely trading shares of RPC common stock that are fully paid and non-assessable and which have previously been approved for listing by NYSE Amex, provided that RPC may not deliver to Alpha Capital more than 434,000 dollars worth of shares in any four week period commencing with the date hereof. Any shares delivered shall be valued at the VWAP for such shares, as reported by Bloomberg, based upon the lowest three closing prices in the ten trading days prior to the Notice Date, as such term is defined in the Settlement Agreement. The value of the shares so delivered shall first be applied to accrued but unpaid interest and thereafter to outstanding principal. To the extent any interest or principal on this Promissory Note remains outstanding on the Maturity Date or upon the happening of an Event of Default, whichever is sooner, Whalehaven shall be entitled to entry of judgment in that amount plus the reasonable costs of collection and reasonable attorneys' fees.

The occurrence of any bankruptcy, insolvency, reorganization or liquidation proceedings, by or against RPC or the failure of RPC to comply with any of its obligations under the Settlement Agreement prior to the Maturity Date shall be deemed an Event of Default hereunder and shall cause all sums of principal and interest then remaining unpaid hereunder immediately due and payable, upon demand, without presentment.

This Promissory Note shall be governed by the laws of the State of New York.
Dated: [Effective Date]

Radient Pharmaceuticals Corporation

By_____

Amendment To Settlement Agreement

The Settlement Agreement between and among Whalehaven Capital Fund, Ltd. ("Whalehaven"), Alpha Capital Anstalt ("Alpha Capital") and Radient Pharmaceuticals Corporation ("RPC") dated May 9, 2011 is hereby amended as follows:

1. The first sentence of paragraph 1(a) of the Settlement Agreement is deleted and the following sentence is inserted in its place: "On the Effective Date (as hereafter defined) RPC shall deliver to Plaintiffs as many freely trading shares as possible approved for listing by the NYSE Amex ("Amex"), but not less than 500,000 such shares."

2. The first sentence of paragraph 1(b) of the Settlement Agreement is deleted and the following sentence is inserted in its place: "In the event that Amex indicates that RPC may issue more than the number of shares delivered by RPC pursuant to paragraph 1(a) without further shareholder approval, or RPC itself concludes that no further shareholder approval is required notwithstanding any position taken by Amex, RPC shall issue the maximum number of additional shares permissible pursuant to such Amex indication that have been approved for listing by Amex; such shares will be freely trading fully paid and non assessable shares and issued to Whalehaven and Alpha Capital in the same percentages as set forth in paragraph 1(a). In the event RPC is not listed on Amex or RPC receives shareholder approval pursuant to paragraph 3 hereof and Amex approval, it shall deliver to Plaintiffs immediately the difference between twenty one million shares and the number of shares it has theretofore already delivered to Plaintiffs."

3.  RPC will seek shareholder approval in an amendment to the preliminary proxy statement that RPC filed on February 22, 2011 for issuance of all shares, other than those issuable pursuant to paragraph 1, RPC is required to issue pursuant to the Settlement Agreement and the Promissory Notes, as amended. RPC will use its best efforts to obtain such shareholder approval as soon as possible.

4.  Each Plaintiff shall have the option to convert the Promissory Note issued to it into shares of RPC common stock, as provided in the Promissory Notes annexed hereto. The Promissory Notes annexed hereto replace the Promissory Notes referred to in the Settlement Agreement.

5.  Paragraph 4 of the Settlement Agreement is hereby deleted and the following new paragraph 4 is inserted in its place: 4. The parties shall apply immediately to the District Court to approve, pursuant to the provisions of Section 3(a)(10) of the Securities Act of 1933, the shares which will or may be issued hereunder, so that RPC may issue, and Plaintiffs may sell upon receipt, all such shares without registration ("Court Approval"). The parties agree to cooperate with each other in obtaining Court Approval.

6.  Paragraphs 9 and 10 of the Settlement Agreement are deleted and replaced by new paragraph 9(a) and 9(b) as follows:

9(a). Each Plaintiff shall retain the warrants it received in the November 2009

2

Registered Direct Offering and in the private financing that RPC closed in March and April 2010 (the "Warrants"). The parties agree that the exercise price of the Warrants is $0.28 and that the number of shares available for issuance upon exercise of Whalehaven's Warrants is 188,000 and that the number of shares available for issuance upon exercise of Alpha Capital's Warrants is 207,689. Any exercise of the Warrants by either Plaintiff shall reduce RPC's obligation to that Plaintiff under the Promissory Notes by the amount of any such exercise. For illustrative purposes only, if Alpha Capital exercises its Warrants for 100,000 shares of stock, RPC's obligation to Alpha Capital under the Promissory Notes shall be reduced by $28,000. RPC represents that Plaintiffs may exercise the Warrants immediately and that RPC can issue all shares required to be issued pursuant to any such Warrant exercise. Plaintiffs agree not to exercise the Warrant prior to Court Approval unless the Settlement Agreement becomes null and void pursuant to paragraph 5.

9(b).  On the Maturity Date, provided that the Promissory Notes have been paid in full, Whalehaven and Alpha Capital shall return to RPC all of the Warrants and the warrants received in 2007 to the extent they have not been previously exercised in full. RPC shall thereafter deem the Warrants null and void.

7.  Paragraph 3(c) is amended to add the following sentence: With Alpha Capital's or Whalehaven's written consent, RPC shall deliver more than one million dollars worth of shares in any four week period.

8.  Except as specifically amended herein, the Settlement Agreement shall remain in full force and effect.

3

Dated: May 23, 2011

Whalehaven Capital Fund, Ltd.

Eric WrigBlum PU/

By_____

Alpha Capital Anstalt


By_____

Radient Pharmaceuticals Corporation


By_____

So Ordered:


_____
U.S.D.J.

4

Dated: May 23, 2011

Whalehaven Capital Fund, Ltd.


By_____

Alpha Capital Anstalt


By_____

Radient Pharmaceuticals Corporation


By_____

So Ordered:


_____
    U.S.D.J.

4

Dated: May 23, 2011

Whalehaven Capital Fund, Ltd.

By_____

Alpha Capital Anstalt

By_____

Radient Pharmaceuticals Corporation

By_____ , CFo 4 Coo.

So Ordered:

_____
U.S.D.J.
5/24/11

4